UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BFG ENTERTAINMENT INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>    v.<br><br>ELEPHANT GAMES AR LLC, an Armenian limited company,<br>              Defendant. | CASE NO. 2:26-cv-02251-TL<br><br>ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter is before the Court on Defendant Elephant Games AR LLC's Motion for Temporary Restraining Order (Dkt. No. 6). Having reviewed the motion and the relevant record, the Court DENIES the motion for lack of subject matter jurisdiction.[1]

## I.    BACKGROUND

Plaintiff BFG Entertainment Inc. ("BFG" or "BFGE") filed the operative complaint in this matter in King County Superior Court on or about May 18, 2026. Dkt. No. 1-2. Plaintiff is a

---

[1] The Court did not consider Plaintiff's untimely response. *See infra* Section I & n.2.

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 1

game developer and publisher who operates a leading global platform distributing PC and mobile games. *Id.* ¶ 5. Defendant is an international game developer whose contracts with another game publisher and distributer, Big Fish Games, Inc. ("Big Fish"), Plaintiff purchased in November 2025. *Id.*¶¶ 6, 8, 17. After purchasing Big Fish, Plaintiff requested Defendant "deliver all materials owned by and/or licensed to Big Fish pursuant to" a series of pre-existing agreements between Big Fish and Defendant, "which were subsequently assigned to BFG as part of the transaction." *Id.* ¶ 18. Upon review of the materials produced, Plaintiff determined that certain intellectual property was missing, notably game "source codes, unity builds, engines, and frameworks." *Id.* ¶¶ 19–20. After Defendant repeatedly "refused to hand over" the contested materials, both Parties accused the other of breaching the agreements between them and attempted to terminate the existing agreements. *Id.* ¶¶ 20, 25–28. At the time of the Complaint, Defendant "continue[d] to distribute . . . games on relevant Apple and Google platforms" that Plaintiff contends it owns the license to, and which Plaintiff had demanded Defendant cease distributing. *Id.* ¶¶ 31–32. Plaintiff, in turn, has terminated royalty payments demanded by Defendant. *See id.* ¶¶ 30, 41. Plaintiff brings claims for breach of contract (*id.* ¶¶ 34–40), unjust enrichment (*id.* ¶¶ 46–51), injunctive relief requiring Defendant to hand over the contested intellectual property (*id.* ¶¶ 43–45) and cease its distribution of the contested games (*id.* ¶¶ 52–56), and declaratory relief in the form of a declaration that Plaintiff "justifiably mitigated its damages by permanently ceasing to pay royalties as allowed by the Agreements" (*id.* ¶ 41) and a "judicial judgment of the parties' respective rights and interests in the subject intellectual property" (*id.* ¶ 60).

Defendant removed the action to this Court on May 29, 2026. Dkt. No. 1 (Notice of Removal). To date, Defendant has not filed an answer or otherwise responded to the complaint. On July 9, 2026, Defendant filed the instant Motion for TRO. Dkt. No. 9. Although Plaintiff

timely filed a Notice of Intent to File a Response to Defendant's Motion for Entry of Temporary Restraining Order (Dkt. No. 9), it did not file a timely response, which should have been filed by the afternoon of Saturday, July 11, 2026, forty-eight hours after the motion was served. *See* LCR 65(b)(5).[2]

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctive relief. "An injunction is an exercise of a court's equitable authority," which should not be invoked as a matter of course, but "only after taking into account all of the circumstances that bear on the need for prospective relief." *Salazar v. Buono*, 559 U.S. 700, 714 (2010). "A TRO, as with any preliminary injunctive relief, is an extraordinary remedy that is 'never awarded as of right.'" *Kovalenko v. Epik Holdings Inc.*, No. C22-1578, 2022 WL 16737471, at *2 (W.D. Wash. Nov. 7, 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). The standards that govern TROs are "substantially similar" to those that govern preliminary injunctions. *Holthouse v. Wash. Dep't of Corr.*, No. C25-5257, 2025 WL 1167659, at *1 (W.D. Wash. Apr. 22, 2025) (citing *Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017)).

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of the equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. These elements—referred to as the *Winter* factors—can be balanced on a sliding scale, allowing preliminary relief to issue

---

[2] Plaintiff filed an untimely response in opposition to the Motion for TRO on the afternoon of July 13, 2026, four days after the motion was filed. Under LCR 65(b)(5), a party opposing a motion for TRO "must . . . file its response, if any, within forty-eight hours after the motion is served." According to Defendant's counsel, the Motion for TRO was served by email before it was filed. Dkt. No. 6-12 (Dirini Decl.) ¶ 6. Plaintiff does not dispute this fact. This means that any response was due *at the latest* by 2:10 p.m. on Saturday, July 11, 2026, 48 hours after the motion was filed. By the time the response was filed, at 1:06 p.m. on July 13, 2026, the Court had almost completely drafted its Order and Plaintiff has long forfeited its opportunity to be heard.

where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring that all four *Winter* factors be met).

### III.    DISCUSSION

Defendant seeks a temporary restraining order "requiring BFGE . . . to retract and withdraw, or cause the retraction and withdrawal of, the copyright, intellectual property, ownership, transfer, or similar complaints [it has recently] submitted to Google, Google Play, Apple, the App Store, [and] App Store Connect concerning Elephant Games' mobile applications" and restraining Plaintiff from submitting additional such complaints "concerning the same disputed rights" during the pendency of this action. Dkt. No. 6 at 2. Defendant claims that Plaintiff's pursuit of non-judicial remedies on these platforms will give Plaintiff "the practical equivalent of emergency injunctive relief without satisfying Rule 65." *Id.* at 2.

Discussing the first *Winter* factor, Defendant asserts that "The merits issue for present purposes is not whether the Court should finally decide the parties' ownership, license, or contract rights today. The issue is whether BFGE may force immediate removal or transfer of Elephant Games' mobile applications before the Court decides those rights." Dkt. No. 6 at 6. Defendant is incorrect—the "merits" at issue under *Winter* are the merits of the claims before the Court, not the merits of the TRO motion itself (which would render this factor both circular and meaningless). Indeed, Defendant's statement represents a profound misapprehension of the Court's ability to grant injunctive relief. The Ninth Circuit has unequivocally held that a movant "cannot seek interim equitable relief of a nature it is not seeking in the final adjudication of its lawsuit." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 638 (9th Cir.

2015). This is because "[a] court's equitable power lies only over the merits of the case or controversy before it." *Id.* at 633; *see also De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (A preliminary injunction is appropriate only where it "grant[s] intermediate relief of the same character as that which may be granted finally," and does not "deal[] with a matter lying wholly outside the issues in the suit."); *Profil Institut Fur Stoffwechselforschung GmbH v. ProSciento, Inc.*, No. C16-1549, 2017 WL 1394089, at *1 (S.D. Cal. Feb. 28, 2017) ("Federal courts can issue preliminary injunctions only to the extent they pertain to pending underlying claims—in other words, where the preliminary injunction would temporarily grant the same kind of relief as the underlying claims, if successful, would ultimately merit." (citing *Pac. Radiation*, 810 F.3d at 636)).

"[A]bsent a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the complaint, 'the district court lacks authority to grant the relief requested.'" *Fischler Kapel Holdings, LLC v. Flavor Producers, LLC*, No. C19-10309, 2020 WL 6939887, at *4 (C.D. Cal. Nov. 25, 2020) (quoting *Pac. Radiation*, 810 F.3d at 636). Generally, therefore, "[a] party that brings no claims has no basis for seeking preliminary relief and, indeed, the Court lacks authority to issue such relief."[3] *Gilliams v. Rivers*, No. C25-9394, 2026 WL 1366017, at *3 (C.D. Cal. Apr. 10, 2026); *see also Fischler Kapel Holdings, LLC*, 2020 WL 6939887, at *4 (denying motion for preliminary injunction because "is a defendant in this action and has not filed a complaint or counterclaim"); *ProSciento*, 2017 WL 1394089, at *1 ("Where, as here, the party is bringing no claims, there is no basis for issuance of a preliminary injunction.

---

[3] "[T]here may be circumstances where a court is empowered to issue interim injunctive relief in favor of a defendant who has not asserted a counterclaim," such as "a unique situation where the plaintiff was able, through its conduct, to jeopardize the defendants' ability to comply with a court order and possibly be in contempt." *Bank of New York Mellon v. Foothills at MacDonald Ranch Master Ass'n,* No. 17-1195, 2019 WL 1529382, at *2 (D. Nev. Feb. 12, 2019) (citing *In re Horned Dorset Primavera Inc.*, No. C15-3837, 2018 WL 4501117, at *1 (Bankr. D.P.R. Sept. 18, 2018)). But "this is not one of those cases." *Id.*

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER – 5

And in fact, the Court lacks authority to do so." (citing *Pac. Radiation*, 810 F.3d at 636)). As of now, Defendant has filed no counterclaims in this action. It has claimed no injury, and, while it may ultimately benefit from a declaratory judgment in its favor (though it does not argue that it will), no resolution of the present claims will entitle it to the injunctive relief it now seeks. Therefore, the Court finds that it lacks authority to grant Defendant's request for intermediate relief.

## IV.   CONCLUSION

Accordingly, Defendant's Motion for TRO (Dkt. No. 6) is DENIED.

Dated this 13th day of July, 2026.

Tana Lin
United States District Judge