Nidal A. Dirini
HELSELL FETTERMAN LLP
800 Fifth Avenue, Suite 3200
Seattle, WA 98104
Telephone: (206) 689-2175
ndirini@helsell.com

Evgeny Krasnov (pro hac vice)
KRASNOV LAW
228 Park Avenue South
PMB 16253
New York, New York 10003
evgeny@krasnov.law

Attorneys for Defendant Elephant Games AR LLC

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| BFG ENTERTAINMENT INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELEPHANT GAMES AR LLC, an Armenian limited company,<br><br>Defendant. | Case No. 2:26-cv-02251-TL<br><br>**STIPULATED PROTECTIVE ORDER** |

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## 2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include, but not be limited to, the following documents and tangible things produced or otherwise exchanged: (a) royalty, revenue-share, and recoupment

reports and statements, and the underlying accounting and payment records; (b) per-application and per-title revenue, sales, download, and user data; (c) milestone, invoice, and development-payment records under the parties' agreements; (d) non-public terms of agreements between a party and any third-party platform, distributor, licensee, or developer; (e) developer-account records for the Apple App Store, Google Play, the Amazon Appstore, Steam, and similar distribution platforms; (f) non-public correspondence with Apple, Google, or another platform concerning the complaints at issue in this action; (g) the parties' non-public financial statements, tax records, and banking records; (h) personal identifying information of employees and contractors; and (i) the non-public financial terms of the agreement(s) by which Plaintiff acquired assets of Big Fish Games, Inc., including the purchase price and the schedules of assets acquired.

**2.1 "ATTORNEYS' EYES ONLY" MATERIAL**

A party may designate as "ATTORNEYS' EYES ONLY" Confidential Information that the party also deems should not be viewed by the other party because its disclosure of the material to another party's business personnel would create a substantial risk of competitive or commercial harm: (a) "Source Code Material," meaning human-readable source code; build scripts, build configurations, and related technical documentation; version-control repository contents and revision histories; and proprietary software development tools, software libraries, and rendering engines (including material a party contends constitutes "Developer Technology" under the parties' December 19, 2018 agreement); and (b) "Highly Sensitive Financial Material," meaning non-public, competitively sensitive financial information, including per-title profitability analyses and the financial terms of agreements with third parties. Designation under this paragraph is subject to the same standards, restraint, and challenge procedures as "CONFIDENTIAL" designations under paragraphs 5 and 6.

**3. SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

As used in this agreement, references to "confidential material" include material designated "ATTORNEYS' EYES ONLY," except where this agreement expressly provides otherwise.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial, or material that a receiving party possessed or obtained independently of this litigation, regardless of whether the same material is also produced or designated by another party.

**4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorneys' Eyes Only and is so designated;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3 Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.4 Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose material designated "ATTORNEYS' EYES ONLY" only to the persons identified in paragraphs 4.2(a), (c), (d), (e), and (g). For the avoidance of doubt, material designated "ATTORNEYS' EYES ONLY" may not be disclosed to a receiving party's officers, directors, or employees, including in-house counsel.

4.5 Source Code Material. In addition to the protections of paragraph 4.4, the following procedures apply to Source Code Material: (a) no party is obligated by this agreement to produce Source Code Material nor is any party conceding that they are not entitled to Source Code Material; whether, and to what extent, Source Code Material must be produced shall be resolved by agreement after a meet-and-confer identifying the specific games and versions at issue, or by court order; (b) if the parties agree to or the court orders production, Source Code Material shall be made available for inspection in a secure review environment agreed by the parties – either a standalone, non-networked computer at a mutually agreed location or a mutually agreed secure remote review platform – and shall not be produced in bulk electronic form; (c) the inspecting party may not copy, photograph, or transmit Source Code Material, except that the producing party shall, upon request, provide Bates-numbered printouts or excerpts, bearing the "ATTORNEYS' EYES ONLY" legend, of portions reasonably necessary for use in this litigation; (d) the producing party may maintain a log of each person who inspects Source Code Material and the dates of inspection; (e) persons with access to Source Code Material may not use it for any software-development, commercial, or competitive purpose; and (f) nothing in this paragraph is an admission or concession by any party regarding the ownership, licensing status, or discoverability of any Source Code Material, and nothing in this paragraph limits or expands any party's obligations or objections under the Federal Rules of Civil Procedure with respect to discovery requests concerning Source Code Material.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable, to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as applicable. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**10. NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 17, 2026.

ROMERO PARK P.S.

By: /s/H. Troy Romero
H. Troy Romero, WSBA #19044
1019 W. James Street, Suite 102
Kent, Washington 98032
tromero@romeropark.com
*Attorneys for Plaintiff and*
*Counterclaim-Defendant BFG Entertainment Inc.*

DATED: November 19, 2026.

HELSELL FETTERMAN LLP

By: /s/ Nidal A. Dirini
Nidal A. Dirini
800 Fifth Avenue, Suite 3200
Seattle, WA 98104
ndirini@helsell.com

KRASNOV LAW

By: /s/ Evgeny Krasnov
Evgeny Krasnov (pro hac vice)
228 Park Avenue South, PMB 16253
New York, New York 10003
evgeny@krasnov.law
*Attorneys for Defendant and*
*Counterclaim-Plaintiff Elephant Games AR LLC*

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: November 19, 2026.

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________________ (print or type full name), of ______________________________________ (print or type full address), declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on ____________ in the case of *BFG Entertainment Inc. v. Elephant Games AR LLC*, No. 2:26-cv-02251-TL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ________________________________

City and State where sworn and signed: ________________________________

Printed name: ________________________________

Signature: ________________________________